# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY LEON McMANUS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 07-109-RAW-KEW |
| ) | |
| DAVID PARKER, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, attacks his conviction in Muskogee County District Court Case Nos. CRF-77-271 and CRF-77-272, each for Second Degree Burglary. He presents one ground for relief:

> The State's failure to afford Petitioner the protections of Oklahoma law relating to juvenile certification proceedings violated his federal constitutional rights to due process and equal protection of the law.

In its Order Affirming Denial of Second Application for Post-Conviction Relief, the Oklahoma Court of Criminal Appeals (OCCA) set forth the case history as follows:

> The State charged Petitioner as a juvenile with committing, in May of 1977, two acts of Burglary in the Second Degree. The State moved to certify Petitioner as an adult, and on August 10, 1977, approximately two months after Petitioner's eighteenth birthday, Petitioner waived formal hearing on the motion and stipulated to certification as an adult (O.R. 9). Petitioner pled guilty in each case, and sentencing was deferred.

> After violating his probation, Petitioner's sentencing was accelerated, and on April 16, 1979, the District Court sentenced Petitioner in each case to a concurrent term of two years' imprisonment. Petitioner did not appeal his

judgments and sentences, nor did he appeal the juvenile certification order, the orders deferring judgment and sentence, or the orders accelerating judgment and sentence. Petitioner, however, did file an Application for Post-Conviction Relief on June 22, 1992, in both of his cases. The District Court denied those Applications, and on October 23, 1992, this Court, in an unpublished order, Appellate Case No. PC-92-884 and PC-92-885 affirmed the final judgments denying Petitioner post-conviction relief. (O.R. 10-12).

Petitioner's latest Application for Post-Conviction Relief urged that Petitioner's convictions should be vacated because Petitioner was incapable of stipulating to his certification as an adult. The Application further alleged that his constitutional rights "were violated when the District Court and the Oklahoma Court of Criminal Appeals denied Mr. McManus' First Application for Post-Conviction Relief upon the erroneous finding that he legally waived and stipulated to juvenile certification proceedings." (O.R. 4-5). Lastly, Petitioner claimed that because Petitioner could not stipulated to his certification as an adult, "all of the proceedings that occurred after the Juvenile Court allowed Petitioner to waive the certification hearing are void," and that would include, according to Petitioner, the final judgment upon his First Application for Post-Conviction Relief and this Court's 1992 order affirming that final judgment (O.R. 6).

*McManus v. Oklahoma*, No. PC-2006-1302, slip op. at 1-2 (Okla. Crim. App. Mar. 7, 2007) [Docket #1 at 7-8].

Petitioner alleges his 1977 convictions are invalid, because his waiver of the juvenile certification hearing violated Oklahoma law, and consequently his due process and equal protection rights. He also claims the state district court could not obtain jurisdiction of a juvenile without a certification hearing, and the 1977 convictions were used to enhance his current life sentences.

The respondent asserts petitioner is not "in custody" for the convictions he is challenging, and the jurisdiction of this court cannot be invoked, because the convictions have expired. "The first showing a § 2254 petitioner must make is that he is 'in custody

2

pursuant to the judgment of a State court.'" *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (1991) (citing 28 U.S.C. § 2254(a)). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack *at the time his petition is filed.*" *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)) (emphasis added).

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna*, 532 U.S. at 403-04 (internal citation omitted).

There are certain limited exceptions to this general rule. *Id.* at 404-405. First, a state habeas petitioner may "challenge an enhanced sentenced on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 532 U.S. at 404. Additionally, habeas relief may be warranted if a state court has, without justification, refused to rule on a constitutional claim, or if, after the time for direct appeal and collateral review has expired, the petitioner obtains compelling and previously unavailable evidence of actual innocence. *Id.* at 405.

Petitioner argues in his reply to the respondent's response that his claim is of jurisdictional magnitude, and denying the writ would violate the Suspension Clause and render the writ inadequate and ineffective to test the legality of his detention. He maintains that because he was not afforded a certification hearing in juvenile court, the state district

3

court lacked subject matter jurisdiction to proceed against him as an adult. Petitioner further asserts, in the alternative, that because the state courts failed to rule on the merits of his constitutional claim, the petition must be allowed to proceed under the second exception in *Lackawanna*.

The OCCA examined petitioner's jurisdictional claim and found it was meritless. *McManus*, slip op. at 2-3. While "'it is not possible for a *juvenile* to confess a motion to certify,'" petitioner was 18 years old and not a juvenile when he stipulated to certification. *Id.* at 3 (quoting *Bishop v. State*, 595 P.2d 795, 796 (Okla. Crim. App. 1979)) (emphasis in original). He, therefore, "by law, was no longer was a child when he agreed to be certified as an adult." *Id.* at 3.

The OCCA further analyzed this issue under an assumption that *Bishop* could be construed as applying to petitioner. *Id.* Petitioner acknowledged this alleged error was presented in his first post-conviction application, but asserted in the second post-conviction action that neither the district court nor the OCCA properly addressed it. *Id.* He claimed this alleged failure to address the claim resulted in a new post-conviction claim that he was denied equal protection and due process of law, because of the allegedly incorrect court decisions. *Id.* at 3-4. The OCCA again denied relief, holding that the Post-Conviction Procedure Act was not intended to allow a party to "potentially relitigate every court decision ad infinitum on the theory that any potential error in a court's action creates a new ground for post-conviction relief." *Id.* at 4.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the

United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). This court is "bound to accept the Oklahoma court's construction of its state statutes." *Dennis v. Poppel*, 222 F.3d 1245, 1257 (10th Cir. 2000), *cert. denied*, 534 U.S. 887 (2001). The OCCA examined petitioner's jurisdictional claim and found it was meritless.

After careful review, the court finds petitioner does not meet the "in custody" requirement of 28 U.S.C. § 2254(a), and his claim based on the second exception in *Lackawanna* fails. The OCCA clearly set forth its justification for refusing to rule on petitioner's jurisdictional claim, and petitioner has presented no evidence of actual innocence.

**ACCORDINGLY,** the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

DATED this 17th day of July 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE